O

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No. SACV 13-00875-VAP |
| | USBC Case No. SA 13-10578-MW |
| EL TORERO LICORES dba EL TOREO LIQOR STORE, | **ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER** |
| DEBTOR, | **DISMISSING THE BANKRUPTCY CASE AND ORDER DENYING THE** |
| | **MOTION FOR RECONSIDERATION** |

El Torero Licores dba El
Toreo Liqor Store,

              Appellant,

     v.

Bellann Raile, the
Court-appointed
Receiver,

              Appellee.

_____

     Appellant El Torero Licores[1] appeals the Bankruptcy

Court's order dismissing the bankruptcy case and order

denying Appellant's Motion for Reconsideration.  (See

Notice of Appeal (Doc. No. 2).)  For the reasons set

_____

     [1]El Torero Licores is doing business as El Toreo
Liqor Store.  (AER at 1.)

forth below, the Court AFFIRMS the Bankruptcy Court's orders.

## I.  BACKGROUND

On March 29, 2007, Jose Eulogio Bonilla ("Joe") sued his siblings Luis Alfred Bonilla ("Alfred"), Jose Luis Bonilla ("Louie"), Sergio Bonilla ("Sal"), and Juan Bonilla ("John")[2], and other defendants, in the Orange County Superior Court for, among other causes of action, breach of a partnership agreement.  (Appellee's Excerpts of Record ("AER") at 85, 95-104.)  On September 6, 2011, the state court appointed Bellann Raile a receiver ("the Receiver") over Appellant and its affiliates.  (AER at 38, 47-50.)  On September 13, 2012, the state court granted the Receiver's *Ex Parte* Application vesting her with the sole power to file a bankruptcy petition on behalf of "El Toro Santa Ana," which included any entity encompassed within the receivership estate, including El Toreo ("Receivership Order").  (AER at 231-32.)  The court further ordered that "[n]either Jose Eulogio Bonilla, Sergio Bonilla, Juan Bonilla, Jose Luis Bonilla nor Luis Alfred Bonilla, nor any of their agents, successors or any person or entity acting on their

---

[2] The Court will refer to Jose Eulogio Bonilla, Luis Alfred Bonilla ("Alfred"), Jose Luis Bonilla ("Louie"), Sergio Bonilla ("Sal"), and Juan Bonilla ("John") as "the Borillo Brothers."

2

behalf, shall attempt to file a bankruptcy petition on behalf of El Toro Santa Ana."[3]   (AER at 232.)

On January 22, 2013, the Bonilla Brothers filed the Chapter 11 petition on behalf of Appellant.  (AER at 84.)  On January 28, 2013, Receiver filed a Motion to Dismiss the Chapter 11 case.  (AER at 8-23.)  On February 8, 2013, the Bankruptcy Court granted the Receiver's Motion, finding that the "Debtor lacked authorization to file bankruptcy in view of the vesting in the Receiver of the exclusive authority to file."  (AER at 300-04.)

On February 22, 2013, the Bonilla Brothers filed a Motion for Reconsideration of order dismissing the bankruptcy case.  (Bankr. Doc. No. 58.)  The Bankruptcy Court denied the Motion, on the basis it had not committed manifest error in finding that the Bonilla Brothers lack legal authority to file a petition on behalf of Debtor.  (AER at 322-27.)  The Bankruptcy Court also determined that it had not committed manifest injustice when it granted the Motion to Dismiss.  (AER at 327.)

---

[3] There are several entities associated with Debtor, known collectively as "El Toro Santa Ana."  (AER at 323.) These affiliated businesses include El Toro Carniceria, aka the El Toro Meat Shop; the El Toro Market; and El Toreo Licores dba El Toro Liquor Store.  (AER at 37.)

1   Subsequently, Appellant brought the instant appeal on

2   June 11, 2013.  (Doc. No. 1.)  Appellant filed its

3   Opening Brief on August 9, 2013.[4]  (Doc. No. 9.)  On

4   August 23, 2013, Appellee filed a Reply Brief and an

5   accompanying Excerpts of Record.  (Doc. Nos. 10, 11.)

6

7               **II. JURISDICTION AND STANDARD OF REVIEW**

8       Title 28 U.S.C. § 158(a) gives the district court

9   jurisdiction to hear appeals from the bankruptcy court

10  regarding "final judgments, orders, and decrees." 28

11  U.S.C. § 158(a).

12

13      The court reviews the bankruptcy court's findings of

14  fact under a "clearly erroneous" standard and conclusions

15  of law "de novo."  In re Daniels-Head & Associates, 819

16  F.2d 914, 919 (9th Cir. 1987); Fed. R. Bankr. P. 8013.

17  Under the abuse of discretion standard, the court first

18  determines de novo "whether the [bankruptcy] court

19  identified the correct legal rule to apply to the relief

20  requested."  In re Taylor, 599 F.3d 880, 887 (9th Cir.

21  2010) (citing United States v. Hinkson, 585 F.3d 1247,

22  1262 (9th Cir. 2009)).

23

24      A de novo review is an independent determination made

25  with no deference to the trial court.  In re AFI

26  _____

27      [4] Appellant did not file any excerpts of record, in
    violation of Federal Rule of Bankruptcy Procedure 8009(b)

28  and Local Bankruptcy Rule 8009-3.3.

4

1   <u>Holdings, Inc.</u>, 525 F.3d 700, 702 (9th Cir. 2008).

2   Therefore, de novo review requires the court to consider

3   the matter anew, as if it had not been heard before, and

4   as if no decision had been rendered previously.   <u>Dawson</u>

5   <u>v. Marshall</u>, 561 F.3d 930, 933 (9th Cir. 2009).

6

7        If the bankruptcy court identified the correct rule,

8   the court then must determine whether its application of

9   that standard was "(1) illogical, (2) implausible, or (3)

10  without support in inferences that may be drawn from the

11  facts in the record."  <u>In re Taylor</u>, 599 F.3d at 887

12  (citing <u>Hinkson</u>, 585 F.3d at 1262).   "If the bankruptcy

13  court did not identify the correct legal rule, or its

14  application of the correct legal standard to the facts

15  was illogical, implausible, or without support in

16  inferences that may be drawn from the facts in the

17  record, then the bankruptcy court has abused its

18  discretion."   <u>In re Taylor</u>, 599 F.3d at 887-88 (citing

19  <u>Hinkson</u>, 585 F.3d at 1262).

20

21       "Standing is a legal issue subject to *de novo*

22  review."  <u>Arkaki v. Lingle</u>, 477 F.3d 1048, 1056 (9th Cir.

23  2007).   Similarly, "[t]he court reviews *de novo* whether

24  the cause for dismissal of a chapter 11 case under 11

25  U.S.C. § 1112(b) is within the contemplation of that

26

27

28

5

section of the Code."[5]   In re Marsch, 36 F.3d 825, 828 (9th Cir. 1994).

"A denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and will not be reversed absent an abuse of discretion." Pasatiempo v. Aizawa, 103 F.3d 796, 801 (9th Cir. 1996) (internal citations omitted).

## III. DISCUSSION

**A.   Standing**

The first issue Appellant raises on appeal is whether Appellee has standing to bring a motion to dismiss in the Bankruptcy Court.  Appellant contends that even though Appellee has possession of estate property, that is not sufficient to give her a personalized interest in the outcome of the bankruptcy matter.

_____

[5] Appellee contends that a bankruptcy court's decision to dismiss a chapter 11 case under section 1112(b) is reviewed for abuse of discretion.  (Appellee's Br. at 4, 11-13.)  The very cases that Appellee cites to, however, state that the court "reviews de novo whether the cause for dismissal of a chapter 11 case under 11 U.S.C. § 1112(b) is within the contemplation of that section of the Code."  In re Marsch, 36 F.3d at 828.  The court reviews "for abuse of discretion the bankruptcy court's decision to dismiss a case as a 'bad faith' filing."  Id.  Here, according to the Dismissal Order, the Bankruptcy Court did not dismiss the case as a bad faith filing; rather, it was dismissed for lack of authority to file the Chapter 11 petition.  (AER at 300-301.)

1    "To have standing in bankruptcy court, Appellants
2    must meet three requirements: (1) they must meet
3    statutory 'party in interest' requirements under §
4    1109(b) of the bankruptcy code; (2) they must satisfy
5    Article III constitutional requirements; and (3) they
6    must meet federal court prudential standing
7    requirements."  In re Thorpe Insulation Co., 677 F.3d
8    869, 884 (9th Cir. 2012).

9

10       **1.   Statutory Standing under § 1109(b)**
11       Title 11 U.S.C. § 1109(b) provides that:
12       A party in interest, including the debtor,
13       the trustee, a creditors' committee, an
14       equity security holders' committee, a
15       creditor, an equity security holder, or any
16       indenture trustee, may raise and may appear
17       and be heard on any issue in a case under
18       this chapter.
19   11 U.S.C. § 1109(b).  "The 'party in interest' standard
20   has generally been construed broadly."  Thorpe
21   Insulation, 677 F.3d at 884 (internal citations omitted);
22   see also In re Global Indus. Technologies, Inc., 645 F.3d
23   201, 210-11 (3rd Cir. 2011) ("The list of potential
24   parties in interest in § 1109(b) is not exclusive."); In
25   re Piper Aircraft Corp., 244 F.3d 1289, 1303 n.11 (11th
26   Cir. 2001) (finding that "party in interest" is defined
27   non-exclusively).  "[C]ourts must determine on a case by
28

case basis whether the prospective party has a sufficient stake in the proceedings so as to require representation." In re Amatex Corp., 755 F.2d 1034, 1042 (3rd Cir. 1985).

The Seventh Circuit held that section 1109(b) means that "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains . . ." Matter of James Wilson Associates, 965 F.2d 160, 169 (7th Cir. 1992).  Likewise, the Third Circuit adopted the "legally protected interest" test as a "helpful amplification" of its "sufficient stake in the proceeding[s]" test in In re Amtex Corp.. Global Indus., 654 F.3d at 210-11.

This case is similar to In re Ofty Corp., 44 B.R. 479 (Bankr. D. Del. 1984), where the court found that the receiver had standing to seek dismissal, request a transfer of venue, or request appointment of a trustee. Ofty Corp., 44 B.R. at 481.  In that case, the district court appointed a receiver to liquidate assets of the debtor corporation and found that the corporation's majority shareholders have shown a pattern of self-benefitting at the expense of another shareholder.  Id. at 480-81.  The corporation subsequently filed a Chapter 11 petition in the bankruptcy court, and the receiver

1  filed a motion seeking dismissal of the petition,
2  transfer of venue, or appointment of a trustee.  <u>Id.</u>  The
3  court found that the bankruptcy petition was filed "to
4  allegedly end-run [the district judge's] liquidation
5  order," and therefore, the receiver had "a sufficient
6  interest to qualify him as a real party in interest with
7  standing . . . ."  <u>Id.</u> at 482.

8

9      Here, Joe Bonilla sued his brothers for breach of a
10 partnership agreement in the Superior Court.  (AER at 85,
11 95-104.)  The court subsequently appointed Appellee as
12 Receiver to manage Appellant's business and vested her
13 "with the sole authority to file a bankruptcy petition on
14 behalf of [Appellant]."  (<u>Id.</u> at 38, 232.)  The
15 Bankruptcy Court also explicitly ordered that none of the
16 Bonilla Brothers "shall attempt to file a bankruptcy
17 petition on behalf of [Appellant]."  (<u>Id.</u> at 232.)
18 Pursuant to the Receivership Order, Appellee has a
19 legally protected interest in being the sole party with
20 the authority to file bankruptcy.  The Bonilla Brothers'
21 decision to file bankruptcy on behalf of Appellant
22 divested Appellee of that legally protected right.
23 Accordingly, Appellee qualifies as a real party in
24 interest with standing to file a motion to dismiss the
25 bankruptcy case.

26

27

28

The Bonilla Brothers rely on <u>Matter of Rimsat, Ltd.</u>, 193 B.R. 499 (Bankr. N.D. Ind. 1996) to argue that a receiver has no standing under section 1112(b) to bring a motion to dismiss or convert the bankruptcy case.   In <u>Rimsat</u>, a Chapter 11 petition was filed shortly after the appointment of a receiver.   The receiver brought a motion to dismiss the case or abstain from it.   The court held that the receiver was not a party in interest within the scope of section 1109(b).   The court found that the receiver "ha[d] no rights in or claim to the debtor's assets to be adjusted or restructured by the proceeding." <u>Rimsat</u>, 193 B.R. at 502.   The court also found that the receivership is "effectively over and done with" once a bankruptcy has been filed.   <u>Id.</u>

The facts here are distinguishable from those in <u>Rimsat</u>.   Nothing in the court's decision in <u>Rimsat</u> implies that when the High Court appointed the receiver, it gave him the exclusive power to file for bankruptcy on behalf of corporation in that case.   Unlike <u>Rimsat</u>, here the Receivership Order granted Receiver the sole authority to file a bankruptcy petition on behalf of Debtor and revoked such power from the Bonilla Brothers. (AER at 232.)   Thus, in this case, the filing of the bankruptcy petition deprived Receiver of her legal right granted in the Receivership Order.   In light of the circumstances of this case and the broad construction of

the 'party in interest' standard, the Court finds that
Receiver qualifies as a party in interest within the
meaning of section 1112(b).

### 2.   Article III Standing

"To have constitutional standing under Article III,
the party seeking standing must demonstrate an injury in
fact that is traceable to the challenged action and that
is likely to be redressed by a favorable decision."
Thorpe Insulation, 677 F.3d at 887 (citing Lujan v.
Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Here, the Court finds that Appellee has Article III
standing.  As discussed above, the Bonilla Brothers'
filing of the Chapter 11 bankruptcy on behalf of
Appellant affected Appellee's legal rights.  See Thorpe
Insulation, 677 F.3d at 887 (finding that the chapter 11
plan in that case affected the appellants' "contractual
rights . . . financial interests, and [had] the
possibility of affecting their litigation rights in
court").  Appellee's injury in being deprived of her
exclusive right to file bankruptcy on behalf of Appellant
is traceable to the filing the bankruptcy petition.  In
other words, if the Bonilla Brothers did not file the
underlying Chapter 11 case, Appellee would still have the
exclusive authority to file bankruptcy on behalf of
Appellant.  This injury would be redressed by judicial

1  action such as dismissing the bankruptcy case.
2  Accordingly, "[a]ll three required elements of the <u>Lujan</u>
3  test are satisfied," and Appellee has Article III
4  standing.   <u>Id.</u>

5

6      **3.  Prudential Standing**

7      "[The] prudential principle is a judicially self-
8  imposed limit on the exercise of federal jurisdiction."
9  <u>Thorpe Insulation</u>, 677 F.3d at 888 (internal citations
10 and quotations omitted).  "Numbered among [the]
11 prudential requirements is the doctrine . . . that a
12 plaintiff's grievance must arguably fall within the zone
13 of interests protected or regulated by the statutory
14 provision or constitutional guarantee invoked in the
15 suit."  <u>Bennett v. Spear</u>, 520 U.S. 154, 162 (1997).  "The
16 'zone of interests' requirement is analogous to
17 'statutory standing.'"  <u>In re Chiu</u>, 266 B.R. 743, 749
18 (B.A.P. 9th Cir. 2001) (quoting <u>Kauthar SBN BHD v.</u>
19 <u>Sternberg</u>, 149 F.3d 659, 669 n.13 (7th Cir. 1998)).

20

21     Here, as discussed above, Appellee has section
22 1109(b) standing.  "Congress intended § 1109(b) to confer
23 broad standing so that those whose rights would be
24 affected by reorganization proceedings could participate
25 and protect their rights."  <u>Thorpe Insulation</u>, 677 F.3d
26 at 888.  Here, if the Bonilla Brothers are allowed to
27 proceed with the Chapter 11 bankruptcy, Receiver would be
28

1   deprived of its exclusive authority to file a bankruptcy
2   petition on behalf of Appellant.  Accordingly, the Court
3   finds that Appellee has prudential jurisdiction in this
4   case.  Thus, Appellee met the three requirements
5   necessary to establish standing in bankruptcy court.

6

7   **B.   Dismissal of Appellant's Chapter 11 Case**[6]

8        Appellant appeals the Bankruptcy Court's order
9   dismissing the Chapter 11 case.  (<u>See</u> Notice of Appeal
10   (Doc. No. 2).)  The gravamen of Appellant's argument is
11   that the state court lacks authority to enter an order
12   preventing corporate directors or partners from
13   commencing a bankruptcy proceeding.

14

15       Title 11 U.S.C. § 1112(b) provides that "after notice
16   and a hearing, the court shall convert a case under this
17   chapter to a case under chapter 7 or dismiss a case under
18   this chapter, whichever is in the best interests of
19   creditors and the estate, for cause . . . ."  11 U.S.C. §
20   1112(b)(1).  "Section 1112(b)(4) . . . defines cause with
21   a nonexclusive list of examples which warrant dismissal
22   of a petition."  <u>In re St. Paul Self Storage Ltd. P'ship</u>,
23   185 B.R. 580, 582 (B.A.P. 9th Cir. 1995) (citing 11

24

25 _____

        [6] To the extent that the Bonilla Brothers challenge
26   the validity of the underlying state court Receivership
     Order, this Court is not an appropriate forum to review
27   such an order.  This appeal only involves the Bankruptcy
     Court's orders dismissing the Chapter 11 case and denying
28   the Bonilla Brothers' Motion for Reconsideration.

1  U.S.C. § 1112(b)).  "The dismissal decision rests with
2  the sound discretion of the court . . . ."  In re Hickman,
3  384 B.R. 832, 840 (B.A.P. 9th Cir. 2008).

4

5      The Bankruptcy Court dismissed the Chapter 11 case
6  because it found that the Bonilla Brothers lacked the
7  authority to file the bankruptcy petition on behalf of
8  Debtor.  (AER at 300-01, 324-27.)  The Bankruptcy Court's
9  dismissal order is not accompanied by any explicit
10 factual findings or legal reasoning.  The Bankruptcy
11 Court's Order Denying Motion for Reconsideration,
12 however, offers insight into the Bankruptcy Court's
13 reasoning.  In re Harris, 279 B.R. 254, 261 (B.A.P. 9th
14 Cir. 2002) (holding that the court may review a trial
15 court's order "in the absence of detailed findings . . .
16 if a complete understanding of the issues may be obtained
17 from the record as a whole . . .").  In that order, the
18 Bankruptcy Court found that "[i]f state law governs who
19 may act on behalf of a corporate entity outside of
20 bankruptcy, it follows that state law governs who may
21 bring a corporate entity into bankruptcy."  (AER at 326.)
22 The Bankruptcy Court upheld its finding that "the
23 Receivership Order resolves the issue as to who may, and
24 who may not, file on behalf of the debtor."  (Id.)  For
25 the reasons set forth below, the Court finds that the
26 Bankruptcy Court did not err in dismissing the Chapter 11
27 case.

28

In the absence of federal incorporation, state law determines whether an entity has the authority to file a bankruptcy petition on behalf of a corporation. <u>Price v. Gurney</u>, 324 U.S. 100, 106-107 (1945) ("In absence of federal incorporation, [the authority to file a bankruptcy petition on behalf of a corporation] finds its source in local law."). "A bankruptcy petition for a partnership or other artificial entity may be filed by those who, under state law, have the authority to manage the entity." <u>In re Monterey Equities-Hillside</u>, 73 B.R. 749, 752 (Bankr. N.D. Cal. 1987). "If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." <u>Price</u>, 324 U.S. at 106. "State law includes the decisions of state courts." <u>Tenneco West, Inc. v. Marathon Oil Co.</u>, 756 F.2d 769, 771 (9th Cir. 1985).

Here, the state court entered an order on September 13, 2012 vesting Receiver with the sole authority to file a bankruptcy petition on behalf of Debtor. (AER at 231-32.) The order also explicitly deprived the Bonilla Brothers of any power to file bankruptcy on behalf of Debtor. (<u>Id.</u>) Therefore, under state law, none of the Bonilla Brothers have authority to file a bankruptcy petition on behalf of Debtor.

1    The Bonilla Brothers argue that a state court cannot
2    divest the partners of a partnership from commencing a
3    bankruptcy proceeding because it runs contrary to
4    Congress's intent to enact uniform laws of bankruptcy.
5    The Bonilla Brothers cite In re Orchards Village
6    Investments, LLC, 405 B.R. 341, 349 (Bankr. D. Or. 2009)
7    in support of their argument.   In Orchards Village, the
8    bankruptcy court rejected the argument that the debtor's
9    bankruptcy filing must be dismissed because the debtor's
10   manager and members had no authority to file for
11   bankruptcy in light of the broad grant of authority to
12   the receiver.   Orchards Village, 405 B.R. at 349.   Like
13   the Bankruptcy Court, this Court does not find the
14   court's reasoning in Orchards Village convincing.   In
15   that case, the court concluded that "a state court
16   receivership proceeding cannot be used to preclude a
17   debtor from seeking federal bankruptcy protection, in
18   spite of the broad authority granted to receivers in
19   their appointment orders."   Id. at 349.

20

21   The Receivership Order, however, does not divest
22   Debtor from the its power to seek bankruptcy protection;
23   rather, the order identifies who has the power to file
24   the bankruptcy petition on behalf of Debtor.   As the
25   Supreme Court stated in Price, "nowhere is there any
26   indication that Congress bestowed on the bankruptcy court
27   jurisdiction to determine that those who in fact do not

28

                              16

have the authority to speak for the corporation as a
matter of local law are entitled to be given such
authority and therefore should be empowered to file a
petition on behalf of the corporation."  <u>Price</u>, 324 U.S.
at 107.  Thus, the Receivership Order does not run
contrary to Congress's right to enact uniform laws of
bankruptcy or change the application of bankruptcy laws
to debtors.

     The Bonilla Brothers also cite <u>In re Cash Currency</u>
<u>Exh.</u>, 762 F.2d 542, 552 (7th Cir. 1985) for the
proposition that "the exclusivity of an administrative
receiver's title to all assets under state law is
irrelevant in the determination whether a particular
entity may file for bankruptcy relief . . . a corporation
may not be precluded by state law from availing itself of
federal bankruptcy law." (Appellant Br. at 6) (quoting
<u>Cash Currency</u>, 762 F.2d at 552).  As stated above,
however, the Receivership Order does not preclude Debtor
from availing itself of bankruptcy protection but only
restricts who may file the petition on its behalf.  If
Receiver determines that it is in the best interest of
Debtor to file bankruptcy, Receiver has the power to do
so.

     For the reasons set forth above, the Bankruptcy Court
did not err in finding that the Bonilla Brothers lacked

authority to file bankruptcy in view of the vesting in
Receiver of the exclusive right to do so.  See <u>Chitex</u>
<u>Comm'c'n, Inc. v. Kramer</u>, 168 B.R. 587, 589-91 (S.D. Tex.
1994) (in the context of a divorce proceeding, the
district court affirmed the bankruptcy court's decision
to dismiss a chapter 11 case filed by the corporation's
president, holding that under Texas law, the president of
a corporation which had been placed in receivership had
no authority to file a bankruptcy petition on the
corporation's behalf); <u>Monterey Equities-Hillside</u>, 73
B.R. at 752 (the receiver may commence a bankruptcy
petition against the partnership because the state court
authorized the receiver to manage it); <u>Oil & Gas Co. v.</u>
<u>Duryee</u>, 9 F.3d 771, 772-73 (9th Cir. 1993) (noting in
dicta that a company's former president lacked the
authority to file the bankruptcy petition on behalf of
the company where the state court had appointed a
rehabilitator to run the company).  Accordingly, the
Court AFFIRMS the Bankruptcy Court's order dismissing the
Chapter 11 petition on the grounds that the Receivership
Order deprived the Bonilla Brothers of authority to file
a bankruptcy petition on behalf of Debtor.

/

/

/

## C.   Denial of Motion for Reconsideration

The Bonilla Brothers also appeal the Bankruptcy Court's order denying the Motion for Reconsideration.[7] (Notice of Appeal (Doc. No. 2).)

As stated above, "[a] denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and will not be reversed absent abuse of discretion." Duarte, 526 F.3d at 597.  A court may alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023, if (1) it is "necessary to correct manifest errors of law or fact upon which the judgment rests;" (2) it is "necessary to present newly discovered or previously unavailable evidence;" (3) it is "necessary to prevent manifest injustice;" or (4) "the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). "[T]he term 'manifest error' is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  In re Oak Park

---

[7]Appellant's Opening Brief does not contain any discussion regarding the order denying the Motion for Reconsideration.

1   <u>Calabasas Condominium Ass'n</u>, 302 B.R. 682, 683 (Bankr.

2   C.D. Cal. 2003) (internal citation and quotations

3   omitted).

4

5       The Bonilla Brothers' Motion for Reconsideration

6   rested on the ground that the Bankruptcy Court committed

7   a clear error of law when it dismissed the Chapter 11

8   case.  (<u>See</u> Motion for Reconsideration (Bankr. Doc. No.

9   58); AER at 324-27.)  The Bonilla Brothers argued that a

10  state court cannot determine, through the Receivership or

11  other injunctive relief, the availability of bankruptcy

12  relief.  (<u>Id.</u>)

13

14      The Court finds that the Bankruptcy Court did not

15  abuse its discretion in holding that it did not commit a

16  manifest error of law in dismissing the Chapter 11 case.

17  As stated above, pursuant to the Receivership Order, the

18  Receiver is the only party with the power to file

19  bankruptcy on behalf of Debtor.  The Receivership Order

20  does not contravene Congress's power to enact uniform

21  laws of bankruptcy, since it merely restricts *who* has

22  authority to file bankruptcy on behalf of Debtor, and

23  does not deprive Debtor of its power to seek bankruptcy

24  protection.  The cases cited in Section III. B.

25  demonstrate that there is legal support for the

26  Bankruptcy Court's holding.  The Court understands that

27  there is contrary authority holding that a receivership

28

proceeding does not divest other parties of their
authority to commence a bankruptcy proceeding.  See,
e.g., Orchards Village, 405 B.R. at 349.  At best, there
is a split of authority on the issue.  Since the question
is a debatable one, the Bankruptcy Court did not abuse
its discretion when it found there was no manifest error
of law.  See McDowell, 197 F.3d at 1255-56 (holding that
the district court did not commit clear error where the
question was a "debatable one").

The Bankruptcy Court also found that it did not
commit manifest injustice when it granted the Motion to
Dismiss.  "A 'manifest injustice' is defined as an error
in the trial court that is direct, obvious, and
observable, such as a defendant's guilty plea that is
involuntary or that is based on a plea agreement that the
prosecution rescinds."  Oak Park, 302 B.R. at 683
(internal citation and quotations omitted).  The Bonilla
Brothers do not provide any grounds for the Court to
believe that the Bankruptcy Court committed manifest
injustice.  In dismissing the bankruptcy, the Bankruptcy
Court did not deny the Bonilla Brothers a right to which
they were entitled to under the law.  As discussed above,
under state law, the Bonilla Brothers were divested of
their right to file for bankruptcy on behalf of Debtor.
The Debtor, through the Receiver, has the ability to seek
bankruptcy relief.  For these reasons, the Court finds

that the Bankruptcy Court did not abuse its discretion in denying the Bonilla Brothers' Motion for Reconsideration and AFFIRMS the Bankruptcy Court's order.

### IV. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the Bankruptcy Court's orders dismissing Appellant's Chapter 11 case and denying Appellant's Motion for Reconsideration.

Dated:  December 20, 2013

VIRGINIA A. PHILLIPS
United States District Judge

22